ALD-064                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2429
_____

In re:  JAMES ALLEN HINCHLIFFE,
                                                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-04376)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 12, 2019

Before:  MCKEE, SHWARTZ, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 5, 2020)
_____

OPINION[*]
_____

PER CURIAM

James Allen Hinchliffe appeals from an order of the United States District Court

for the Eastern District of Pennsylvania.  That order affirmed the September 25, 2018

order of the United States Bankruptcy Court for the Eastern District of Pennsylvania,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

which denied Hinchliffe's second motion for reconsideration of a May 29, 2018 Bankruptcy Court order. Because no substantial question is presented by this appeal, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6.

In order to refinance a mortgage, Hinchcliffe took out a loan which was eventually assigned to Wells Fargo. In 2016 Hinchliffe filed for Chapter 13 bankruptcy, resulting in the automatic stay of Wells Fargo's collection attempts, so Wells Fargo filed a motion for relief from the stay. The Bankruptcy Court granted that motion,[1] and denied Hinchcliffe's two subsequent motions for reconsideration. Hinchcliffe appealed to the District Court, which affirmed the second denial of reconsideration. This appeal followed.[2]

---

[1] Hinchliffe filed an appeal to the District Court from the order granting Wells Fargo relief, but the appeal was dismissed for failure to file a brief. In re Hinchliffe, E.D. Pa. Civ. No. 18-cv-02473 (order entered Aug. 14, 2018).

[2] The scope of our review is narrow, as the only Bankruptcy Court order from which Hinchliffe's appeal to the District Court was timely is the second denial of reconsideration. See Fed. R. Bankr. P. 8002(a)(1) and (b)(3) (providing that a party may appeal from an order disposing of a motion to alter or amend judgment within 14 days of the entry of the order). Hinchliffe's motion for reconsideration of the Bankruptcy Court's July 31, 2018 order denying his *first* motion for reconsideration was not timely under Fed. R. Bankr. P. 9023. Thus, that second motion did not toll the time to appeal to the District Court the July 31 order or the underlying order granting Wells Fargo's motion for relief. See Fed. R. Bankr. P. 8002(b)(1) (tolling the time to file an appeal if "a party files in the bankruptcy court [a motion to alter or amend judgment] *and does so within the time allowed by these rules*").

Hinchliffe also filed in the District Court a motion for reconsideration of its May order. See Dkt. #12. Because the District Court's May order did not comply with the "separate document" rule, see Fed. R. Civ. P. 58, Hinchliffe's motion for reconsideration was timely filed, see Fed. R. Civ. P. 59(e). But Hinchliffe did not file an appeal or an

"Because the District Court acted as an appellate court, we review its determinations de novo." See In re Denby-Peterson, 941 F.3d 115, 122 n.21 (3d Cir. 2019). "Our review of the Bankruptcy Court's order[] is the same as that exercised by the District Court." See In re Exide Techs., 544 F.3d 196, 205 (3d Cir. 2008). Here, because the District Court was reviewing the Bankruptcy Court's disposition of a motion to reconsider, its review was for abuse of discretion. See In re Energy Future Holdings Corp., 904 F.3d 298, 312 (3d Cir. 2018), cert. denied sub nom. NextEra Energy, Inc. v. Elliott Assocs., L.P., 139 S. Ct. 1620 (2019). A motion to reconsider should be granted "only where the moving party shows that at least one of the following grounds is present: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. at 311 (3d Cir. 2018) (internal quotation and citation omitted).

After reviewing the District Court and Bankruptcy Court orders, we conclude that the District Court correctly determined that the Bankruptcy Court did not abuse its discretion in denying Hinchliffe's second motion for reconsideration. Hinchliffe did not cite an intervening change in controlling law or new evidence, but simply repeated the arguments from his first motion for reconsideration, which the Bankruptcy Court had

---

amended notice of appeal from the District Court's August 15, 2019 order denying his motion for reconsideration, so we lack jurisdiction to consider the District Court's August order, see Fed. R. App. P. 4(a)(4)(B)(ii).

3

already rejected. The District Court thus properly affirmed the Bankruptcy Court's order.[3]

For all these reasons, we will affirm the District Court's judgment.

_____

[3] Further, Hinchliffe's brief filed in the District Court did not even discuss the Bankruptcy Court's second denial of reconsideration. Instead, he provided copies of filings from a state court action and asked the District Court to stay the matter pending the outcome of the state matter.